In re James S. TORO and Anna
Marie Toro, Pier House
Inn, Inc., Debtors.

TCI CABLEVISION OF NEW
ENGLAND, INC.,
Plaintiff,

v.

PIER HOUSE INN, INC., James S. Toro
and Anna Marie Toro, Defendants.

Bankruptcy Nos. 91–11666, 91–11742.
Adv. No. 94–1081.

United States Bankruptcy Court,
D. Rhode Island.

Aug. 18, 1995.

William F. Hague, Dick & Hague, Ltd., Johnston, RI, for plaintiff.

William M. Walsh, Providence, RI, for defendants.

## ORDER TRANSFERRING ADVERSARY PROCEEDING TO DISTRICT COURT

ARTHUR N. VOTOLATO, Bankruptcy Judge.

This matter was scheduled for trial on July 10, 1995, on the merits of the Plaintiff's Amended Complaint. Upon examination of the pleadings just prior to the commencement of the trial, and although neither party had previously raised the issue, the Court *sua sponte* questioned whether it had *subject matter* jurisdiction over the instant dispute. The Plaintiff was unable to offer the Court any comfort regarding its jurisdictional concerns, while the Defendant, understandably, adopted the Court's thinking on the issue.

It being uncontroverted that the events alleged in the Amended Complaint all occurred post-petition and post-confirmation, we conclude that the Bankruptcy Court is without subject matter jurisdiction over the instant dispute, even if both parties consented, and they have not.

Accordingly, in the interest of judicial economy,[1] to minimize additional expense to the parties, and because this dispute involves issues of federal law, namely 47 U.S.C. §§ 553 and 605, we abstain pursuant to 28 U.S.C. § 1334(c)(2), and refer this adversary proceeding to the United States District Court for the District of Rhode Island, for whatever action it deems appropriate. Finally, having determined that we are without authority to adjudicate this matter, the Order dated July 5, 1995, granting Plaintiff's Motion for Sanctions, must be and is VACATED.

1. Following the Court's expressed concern that it lacked subject matter jurisdiction, the Defendants urged that the matter should simply be dismissed. We disagree, and feel it more appropriate to refer the matter to a Court that unquestionably has jurisdiction, thereby salvaging the pre-trial and discovery efforts that have been invested while the matter was pending before this Court. The parties should not be required to start from scratch as a result of this Court's belated recognition that it is not the proper forum.